HONORABLE BENJAMIN H. SETTLE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TWIN HARBORS WATERKEEPER,

     Plaintiff,

     v.

WEYERHAEUSER COMPANY; and
WEYERHAEUSER NR COMPANY,

     Defendants.

Case No. 3:23-cv-05864-BHS

CONSENT DECREE

## I.    STIPULATIONS.

Defendants Weyerhaeuser Company and Weyerhaeuser NR Company (collectively, "Weyerhaeuser") own and operate the lumber mill and related facilities at or near 51 Ellis Street, Raymond, Washington 98577 (the "Facility"), which is depicted in the figure attached hereto as Exhibit 1.

Weyerhaeuser discharges stormwater associated with industrial activity from the Facility to the Willapa River under a National Pollutant Discharge Elimination System permit issued by the Washington Department of Ecology under permit number WAR000370 ("Stormwater Permit").

Weyerhaeuser discharges process wastewater from the Facility, following pre-treatment at the Facility, to the Willapa Regional Wastewater Treatment Plant under a discharge permit

CONSENT DECREE - 1
No. 3:23-cv-05864-BHS

issued by Ecology under permit number ST0006167 ("Wastewater Permit").

Plaintiff Twin Harbors Waterkeeper ("Waterkeeper") issued a notice of intent to sue letter to Weyerhaeuser dated July 6, 2023 (the "Notice Letter") and filed a complaint on September 21, 2023 (the "Complaint") under section 505 of the Clean Water Act ("CWA"), 33 U.S.C. § 1365. The Notice Letter and Complaint allege that Weyerhaeuser is in violation of certain terms and conditions of the Wastewater Permit and the Stormwater Permit (collectively, the "Permits") and that Weyerhaeuser is in violation of section 301(a) of the CWA, 33 U.S.C. § 1311(a), for discharging pollutants to the Willapa River in a manner that is not authorized by an NPDES permit or other CWA authorization. Weyerhaeuser contends that Waterkeeper's claims are without merit, denies Waterkeeper's allegations of ongoing violations, denies liability for all claims alleged by Waterkeeper in the Notice Letter and Complaint, and denies that Waterkeeper is entitled to any relief whatsoever.

Weyerhaeuser represents that it is currently undertaking a Facility-wide upgrade referred to as the Continuous Dry Kiln Project ("CDK Project") that will replace eight existing batch kilns used in the lumber drying process with a new more efficient kiln system. Weyerhaeuser represents that the CDK Project will include upgrades to other portions of the Facility, including the wastewater and stormwater systems. Weyerhaeuser anticipates that the CDK Project will be substantially completed by June 30, 2025 at the earliest.

Solely for the purposes of this Consent Decree, Weyerhaeuser and Waterkeeper (collectively, the "Parties") stipulate that the Court has jurisdiction over the Parties and the subject matter of this action under section 505(a) of the CWA, 33 U.S.C. § 1365(a).

The Parties agree that settlement of this matter is in the best interest of the Parties and the public and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving this action. The Parties agree that this Consent Decree is fair, reasonable, equitable, does not violate the law or public policy, comes within the scope of the pleadings, and furthers the broad objectives upon which Waterkeeper based the Complaint. *See Sierra Club,*

*Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990).

The Parties stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding the claims and allegations set forth in Waterkeeper's Notice Letter and Complaint. By entering into this Consent Decree, Weyerhaeuser does not admit and expressly denies liability for all of Waterkeeper's claims alleged in the Notice Letter and Complaint.

The signatories for the Parties certify that they are authorized by the party they represent to enter into these Stipulations and Consent Decree.

TWIN HARBORS WATERKEEPER

KAMPMEIER & KNUTSEN, PLLC

By: _____
Lee First
Waterkeeper

By: _____
Brian A. Knutsen, WSBA No. 38806
Attorney for Waterkeeper

WEYERHAEUSER

K&L GATES LLP

By: _____
Kristy T. Harlan
General Counsel and Corporate Secretary

By: _____
Endre Szalay, WSBA No. 53898
Attorney for Weyerhaeuser

## II.   ORDER AND DECREE.

THIS MATTER came before the Court upon the foregoing Stipulations of the Parties and joint motion for entry of Consent Decree. Having considered the Stipulations and the terms and conditions set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1.    This Court has jurisdiction over the Parties and the subject matter of this action pursuant to section 505(a) of the CWA, 33 U.S.C. § 1365(a).

2.    This Consent Decree shall inure to the benefit of, and be binding upon, the Parties and their successors, assigns, officials, agents, representatives, officers, directors, and employees.

CONSENT DECREE - 3
No. 3:23-cv-05864-BHS

KAMPMEIER & KNUTSEN PLLC
705 Second Avenue, Suite 901
Seattle, Washington 98104
(206) 858-6983

Changes in the organizational form or status of a party shall have no effect on the binding nature of this Consent Decree or its applicability.

3.      This Consent Decree and any injunctive relief ordered within applies solely to Weyerhaeuser's operation and oversight of the Facility, which is subject to the Permits.

4.      This Consent Decree is a full and complete settlement and release of all claims alleged against Weyerhaeuser in Waterkeeper's Notice Letter and Complaint and of all other claims, known or unknown, existing as of the Effective Date related to alleged violations of the Permits and/or related to alleged violations of section 301(a) of the CWA for unpermitted discharges from the Facility. These claims are released and dismissed with prejudice. Enforcement of this Consent Decree is Waterkeeper's exclusive remedy for any violation of its terms. During the term of the Consent Decree, Waterkeeper will not initiate any lawsuits or potential lawsuits against Weyerhaeuser alleging violations of the Stormwater Permit and/or the Wastewater Permit.

5.      This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Waterkeeper in this case or of any fact or conclusion of law related to those allegations, nor evidence of any wrongdoing or misconduct on the part of Weyerhaeuser.

6.      Weyerhaeuser agrees to the following terms and conditions in full and complete satisfaction of all the claims covered by this Consent Decree:

A.      Weyerhaeuser shall fully comply with the terms and conditions of the Permits, or any successor permit authorizing discharges of wastewater and/or stormwater associated with industrial activity from the Facility. Nothing in this sub-paragraph affects Weyerhaeuser's ability to request that Ecology terminate or modify the Stormwater Permit or the Wastewater Permit as permitted under the terms and conditions of the Permits or as otherwise authorized by law, or to appeal the Permits or any successor permits.

CONSENT DECREE - 4
No. 3:23-cv-05864-BHS

B.      Weyerhaeuser shall retain a stormwater expert of its own choosing to conduct an analysis of all known, available, and reasonable methods of prevention, control, and treatment ("AKART") for all stormwater discharges associated with industrial activity from areas of the Facility located east of US Highway 101, including those areas that discharge to Outfalls 7 and 8 as depicted on Exhibit 1 to this Consent Decree, and to prepare an updated stormwater pollution prevention plan ("SWPPP") identifying stormwater best management practices ("BMPs") that the expert certifies satisfy the AKART standard and are reasonably likely to result in stormwater discharges that meet the benchmarks that apply to the Facility under Conditions S5.A and S5.B of the Stormwater Permit upon implementation.

i.      Weyerhaeuser shall provide Waterkeeper with a draft of the updated SWPPP within sixty (60) days of the Effective Date of this Consent Decree via email to Waterkeeper and to Waterkeeper's counsel at the email addresses provided in Paragraph II.13 of this Consent Decree;

ii.      Waterkeeper may submit comments to Weyerhaeuser on the draft updated SWPPP within thirty (30) days of receipt thereof;

iii.      Weyerhaeuser shall prepare the final updated SWPPP within sixty (60) days of providing the draft updated SWPPP to Waterkeeper. Either the final updated SWPPP shall incorporate any comments provided by Waterkeeper on the draft updated SWPPP or Weyerhaeuser shall provide a written response to Waterkeeper explaining why any comment was not incorporated. Weyerhaeuser shall provide Waterkeeper with a copy of the final updated SWPPP and, if applicable, any written responses, upon completion of the final updated SWPPP. Weyerhaeuser has no obligation to incorporate into the updated SWPPP any comments provided by Waterkeeper. After receiving Weyerhaeuser's written responses, if any, Waterkeeper shall have no further recourse for comments not incorporated into the updated SWPPP by Weyerhaeuser;

KAMPMEIER & KNUTSEN PLLC
705 Second Avenue, Suite 901
Seattle, Washington 98104
(206) 858-6983

iv.     Weyerhaeuser shall fully implement the final updated SWPPP within ninety (90) days of its finalization, except for any site-specific BMPs as set forth in this sub-paragraph. If the final updated SWPPP requires the implementation of any treatment or other BMPs that require any site-specific design and/or construction, Weyerhaeuser shall fully implement such site-specific BMPs within one hundred and eighty (180) days of finalization of the updated SWPPP. The Parties acknowledge that implementation of any treatment or other BMPs requiring site-specific design and/or construction may require and are thus contingent upon receiving any necessary approvals from Ecology or other necessary permits, approvals or authorizations. Weyerhaeuser will undertake diligent efforts to secure such approvals so that implementation can be completed within one hundred and eighty (180) days of finalization of the updated SWPPP. However, if such approvals and/or construction cannot reasonably be completed during the 180-day period despite Weyerhaeuser's diligent efforts, then Weyerhaeuser shall have such additional time as is commercially reasonable to complete implementation. Weyerhaeuser shall provide Waterkeeper written notice of full implementation of the updated SWPPP within fourteen (14) days of such implementation; and

v.     Within fourteen (14) days of the Effective Date of this Consent Decree, Weyerhaeuser shall pay $2,000 for Waterkeeper's expert and legal fees and costs associated with the review and comment process set forth in Paragraph 6.B.ii of this Consent Decree. This payment shall be made to an IOLTA account maintained by Kampmeier & Knutsen, PLLC using the same instructions provided in Paragraph II.8 of this Consent Decree. Weyerhaeuser has no obligation to provide, and Waterkeeper is not entitled to receive, additional payments should Waterkeeper's actual expert and legal fees and costs associated with the review and comment process set forth in Paragraph 6.B.ii of this Consent Decree exceed $2,000.

C.     Following substantial completion of the CDK Project, Weyerhaeuser shall retain a stormwater expert of its own choosing to conduct an analysis of AKART for all stormwater discharges associated with industrial activity from areas of the Facility located west

KAMPMEIER & KNUTSEN PLLC
705 Second Avenue, Suite 901
Seattle, Washington 98104
(206) 858-6983

of US Highway 101, including those areas that discharge to Outfalls 1 through 5 as depicted on Exhibit 1 to this Consent Decree, and to prepare an updated SWPPP identifying stormwater BMPs that the expert certifies satisfy the AKART standard and are reasonably likely to result in stormwater discharges that meet the benchmarks that apply to the Facility under Conditions S5.A and S5.B of the Stormwater Permit upon implementation.

i.      Weyerhaeuser shall provide Waterkeeper with a draft of the updated SWPPP by December 31, 2025, or by 180 days after the date of substantial completion of the CDK Project, whichever is later, via email to Waterkeeper and to Waterkeeper's counsel at the email addresses provided in Paragraph II.13 of this Consent Decree;

ii.      Waterkeeper may submit comments to Weyerhaeuser on the draft updated SWPPP within thirty (30) days of receipt thereof;

iii.      Weyerhaeuser shall prepare the final updated SWPPP within sixty (60) days of providing the draft updated SWPPP to Waterkeeper. Either the final updated SWPPP shall incorporate any comments provided by Waterkeeper on the draft updated SWPPP or Weyerhaeuser shall provide a detailed, written response to Waterkeeper explaining why any comment was not incorporated. Weyerhaeuser shall provide Waterkeeper with a copy of the final updated SWPPP and, if applicable, any written responses, upon completion of the final updated SWPPP. Weyerhaeuser has no obligation to incorporate into the final updated SWPPP comments provided by Waterkeeper. After receiving Weyerhaeuser's written responses, if any, Waterkeeper will have no further recourse for comments not incorporated into the final updated SWPPP by Weyerhaeuser;

iv.      Weyerhaeuser shall fully implement the final updated SWPPP within ninety (90) days of its finalization, except for any site-specific BMPs as set forth in this sub-paragraph. If the final updated SWPPP requires the implementation of any treatment or other BMPs that require any site-specific design and/or construction, Weyerhaeuser shall fully implement such site-specific BMPs within one hundred and eighty (180) days of finalization of

the updated SWPPP. The Parties acknowledge that implementation of any treatment or other BMPs requiring site-specific design and/or construction may require and are thus contingent upon receiving any necessary approvals from Ecology or other necessary permits, approvals or authorizations. Weyerhaeuser will undertake diligent efforts to secure such approvals so that implementation can be completed within one hundred and eighty (180) days of finalization of the updated SWPPP. However, if such approvals and/or construction cannot reasonably be completed during the 180-day period despite Weyerhaeuser's diligent efforts, then Weyerhaeuser shall have such additional time as is commercially reasonable to complete implementation. Weyerhaeuser shall provide Waterkeeper written notice of full implementation of the updated SWPPP within fourteen (14) days of such implementation; and

      v.    Within fourteen (14) days of the Effective Date of this Consent Decree, Weyerhaeuser shall pay $4,000 for Waterkeeper's expert and legal fees and costs associated with the review and comment process set forth in Paragraph II.6.C.ii of this Consent Decree. This payment shall be made to an IOLTA account maintained by Kampmeier & Knutsen, PLLC using the same instructions provided in Paragraph II.8 of this Consent Decree. Weyerhaeuser has no obligation to provide, and Waterkeeper is not entitled to receive, additional payments should Waterkeeper's actual expert and legal fees and costs associated with the review and comment process set forth in Paragraph II.6.C.ii of this Consent Decree exceed $4,000.

      D.    Weyerhaeuser shall fully implement the following measures within thirty (30) days of the Effective Date, with written notice provided to Waterkeeper upon such implementation, and shall maintain these measures until necessitated by the CDK Project or until removal or modification is recommended by a stormwater consultant retained by Weyerhaeuser under Paragraph II.6.B or II.6.D of this Consent Decree:

      i.    For Outfall 1, install a "witch's hat" stormwater filtration system inside the catch basin;

KAMPMEIER & KNUTSEN PLLC
705 Second Avenue, Suite 901
Seattle, Washington 98104
(206) 858-6983

ii. For Outfall 3, confirm the sampling location and the installation of flow-through media filter and update the SWPPP accordingly; remove exposed, loose materials to a location where such materials will not come into contact with tidal inundation or stormwater runoff;

iii. For Outfall 7, check and clean all catch basins and update the SWPPP map to indicate the correct location of the sampling point;

iv. For Outfall 8, check and clean all catch basins, including those near entrances; during the first three (3) months following the Effective Date of this Consent Decree, collect and have analyzed in accordance with the Stormwater Permit at least one stormwater discharge sample per month at the established sampling point and provide the results to Waterkeeper; and

v. For the River Road areas, construct silt fencing or other temporary actions to prevent sediment from reaching the Willapa river.

E. Upon the Effective Date of this Consent Decree and for a period of two (2) years, Weyerhaeuser shall, no later than forty-five (45) days following each calendar quarter, send via e-mail to Waterkeeper copies of the following documents related to compliance with the Permits that Weyerhaeuser transmitted to, or received from, Ecology during the previous calendar quarter: discharge monitoring reports ("DMRs"), annual reports, engineering reports, inspection reports, non-compliance reports, operation and maintenance manuals, spill plans, and slug discharge control plans. Such materials shall be sent to the email addresses provided for Waterkeeper in Paragraph II.13 of this Consent Decree.

7. Weyerhaeuser shall make payments totaling $400,000 for projects that benefit water quality in the Willapa River and/or Willapa Bay as described in Exhibits 2 through 5 to this Consent Decree. Such payments shall be made within fourteen (14) days of the Effective Date of this Consent Decree by checks payable and mailed to the following recipients and in the following amounts:

CONSENT DECREE - 9
No. 3:23-cv-05864-BHS

A.      $175,000 to the Chinook Indian Nation, P.O. Box 368, Bay Center, Washington 98527;

B.      $175,000 to the Shoalwater Bay Indian Tribe, 2373 Tokeland Rd., Tokeland, Washington 98590;

C.      $25,000 to The Pew Charitable Trusts, 901 E Street NW, Washington, D.C. 20004-2008; and

D.      $25,000 to Grays Harbor Audubon Society, P.O. Box 470, Montesano, Washington 98563.

Each such check shall bear the notation "Twin Harbors Waterkeeper v. Weyerhaeuser, Clean Water Act Settlement," with a copy provided to Waterkeeper at the time payment is made.

8.      Within fourteen (14) days of the Effective Date of this Consent Decree, Weyerhaeuser shall pay Waterkeeper's attorney fees and costs in the amount of $220,000 in full and complete satisfaction of any claims Waterkeeper may have against Weyerhaeuser under the CWA for attorney fees and litigation costs and expenses incurred in this matter. Such payment shall be made via electronic funds transfer or wire transfer to an IOLTA account maintained by Kampmeier & Knutsen, PLLC. Waterkeeper's above-signed counsel hereby certifies that the actual costs and fees incurred in pursing Waterkeeper's claims against Weyerhaeuser in this matter equal or exceed $220,000. Within fourteen (14) days of the Parties' execution of this proposed Consent Decree, Waterkeeper's counsel shall send Weyerhaeuser the bank account information that Weyerhaeuser needs to process the payment required by this Paragraph. Before finalizing the payment, Weyerhaeuser or its counsel shall contact Paul Kampmeier, counsel for Waterkeeper, to confirm the bank account number and routing number of the account designated to receive the payment. Weyerhaeuser shall not direct the payment required by this Paragraph to any other bank account or recipient unless the Parties seek and the Court issues an order modifying this Paragraph of the Consent Decree.

KAMPMEIER & KNUTSEN PLLC
705 Second Avenue, Suite 901
Seattle, Washington 98104
(206) 858-6983

9.      A force majeure event is any event outside the reasonable control of Weyerhaeuser that causes a delay in performing tasks required by this Consent Decree that cannot be cured by due diligence. Delay in performance of a task required by this Consent Decree caused by a force majeure event is not a failure to comply with the terms of this Consent Decree, provided that Weyerhaeuser timely notifies Waterkeeper of the event, the steps that Weyerhaeuser will take to perform the task, the projected time that will be needed to complete the task, and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

10.      Weyerhaeuser must notify Waterkeeper of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen (15) days after Weyerhaeuser becomes aware of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event. By way of example and not limitation, force majeure events include the following:

A.      Acts of God, war, insurrection, or civil disturbance;

B.      Earthquakes, landslides, fire, floods;

C.      Actions or inactions of third parties over which Weyerhaeuser has no or limited control;

D.      Unusually adverse weather conditions;

E.      Restraint by court order or order of public authority;

F.      Strikes;

G.      Any permit or other approval sought by Weyerhaeuser from a government authority to implement any of the actions required by this Consent Decree where such approval is not granted or is delayed, and where Weyerhaeuser has timely and in good faith sought the permit or approval;

H.      Litigation, arbitration, or mediation that causes delay;

CONSENT DECREE - 11
No. 3:23-cv-05864-BHS

I.      Epidemics and pandemics, including but not limited to COVID-19 related delays;

J.      Supply chain issues and delays.

11.      This Court retains jurisdiction over this matter and, while this Consent Decree remains in force, this case may be reopened without filing fee so that the Parties may apply to the Court for any further order or relief that may be necessary regarding compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree until it is terminated. A precondition to any application to the Court under this paragraph is that the Parties must first seek to resolve the dispute themselves as follows: 1) the party identifying or wishing to raise an issue or dispute must provide the other party a written notice detailing the nature of the issue or dispute; and 2) within thirty (30) days of receipt of such notice, the Parties shall meet and confer regarding the issue or dispute. If the Parties do not reach a resolution at that meeting or within thirty (30) days of the written notice, whichever occurs first, either party may file a motion with this Court to resolve the dispute. In any action to enforce this Consent Decree, the Court shall apply the same standard applied by courts in awarding fees and costs under section 505(d) of the CWA, 33 U.S.C. § 1365(d).

12.      The Effective Period of this Consent Decree is as follows:

A.      The "Effective Date" is the date this Consent Decree is entered by the Court. The terms of this Consent Decree shall become effective on the Effective Date.

B.      The "Termination Date" of this Consent Decree shall be two (2) years from the Effective Date or upon Weyerhaeuser's compliance with all of the obligations contained in Paragraphs II.6.B, II.6.C, II.7, and II.8 of this Consent Decree, whichever occurs last. The provisions of this Consent Decree, except for Waterkeeper's release of claims described in Paragraphs II.4 and II.8 of this Consent Decree, terminate on the Termination Date.

13.      All notices and other communications regarding this Consent Decree shall be (a) in writing and (b) mailed via first-class mail, postage pre-paid; by delivering the same by hand;

KAMPMEIER & KNUTSEN PLLC
705 Second Avenue, Suite 901
Seattle, Washington 98104
(206) 858-6983

or by sending the same via e-mail to the following addresses, or to such other addresses as the Parties may designate by written notice, provided that communications that are mailed shall not be deemed to have been given until three business days after mailing:

For Waterkeeper:

Twin Harbors Waterkeeper
c/o Sue Joerger
Savannah Rose
P.O. Box 201
Rochester, Washington 98579
(206) 293-0574
suej@twinharborswaterkeeper.org
savannahr@twinharborswaterkeeper.org

Kampmeier & Knutsen, PLLC
c/o Paul Kampmeier
705 Second Avenue, Suite 901
Seattle, Washington 98104
(206) 858-6983
paul@kampmeierknutsen.com

For Weyerhaeuser:

Weyerhaeuser Company
c/o Zach Hiatt
220 Occidental Ave South
Seattle, WA 98104
Zach.Hiatt@weyerhaeuser.com

K&L Gates LLP
c/o Endre M. Szalay
c/o J. Tim Hobbs
c/o Ankur K. Tohan
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
(206) 370-6744
endre.szalay@klgates.com
tim.hobbs@klgates.com
ankur.tohan@klgates.com

14. This Consent Decree constitutes the entire agreement between the Parties. There are no other or further agreements, either written or verbal. This agreement may not be modified or amended except by a writing signed by all Parties and entered by the Court. The Parties agree to consider in good faith any request for modification of the terms of this Consent Decree.

15. Each party acknowledges that it has sought and obtained the advice of its own independent legal counsel before executing this Consent Decree. The Parties acknowledge that they have had the opportunity to freely negotiate the terms of this Consent Decree.

16. If for any reason the Court should decline to approve this proposed Consent Decree in the form presented, this Consent Decree is voidable at the discretion of any party. The Parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

17. The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent

CONSENT DECREE - 13
No. 3:23-cv-05864-BHS

KAMPMEIER & KNUTSEN PLLC
705 Second Avenue, Suite 901
Seattle, Washington 98104
(206) 858-6983

judgment can be entered in a CWA suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency ("U.S. EPA"). Therefore, upon the filing of this proposed Consent Decree by the Parties, Waterkeeper will serve copies of it upon the Administrator of the U.S. EPA and the U.S. Attorney General.

DATED this 19th day of August, 2024.

BENJAMIN H. SETTLE
United States District Judge

CONSENT DECREE - 14
No. 3:23-cv-05864-BHS